Davis, P. J.
The motion must be denied. The plaintiff cannot insert the allegations of the answer of Dickson, in his complaint without destroying his right of action. The answer sets up a defense to the complaint, and, if found to be true, will defeat the action altogether. The defendant, Fowler, has notice of the allegations of his co-defendant’s answer, and the court will probably have power, on the trial, to protect the defendant, Dickson, if he establish the facts alleged, by so framing the decree as to require any deficiency to be first collected of him.* However this may be, it is clearly not the right of Dickson to compel the plaintiff to amend, by inserting allegations of this character denied.
Motion denied, with ten dollars costs, but without prejudice to any proceeding to compel the defendant, Fowler, to take issue on the allegations of the answer.
No appeal was taken.

 As to litigation between co-defendants in foreclosure, see Smart v. Bement, 4 Abb. Ct. App. Dec. 273.